1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GEORGE K. COLBERT,

11              Plaintiff,                    No. 2:13-cv-00382 KJM KJN P

12       vs.

13   D. LEININGER, et al.,                    ORDER and

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner at California State Prison-Sacramento ("CSP-SAC"),

17   who proceeds without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has

18   requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was

19   referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20   I.  In Forma Pauperis Application

21              Plaintiff has submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

26   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

1   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

2   monthly payments of twenty percent of the preceding month's income credited to plaintiff's

3   prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

4   the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

5   in full.  28 U.S.C. § 1915(b)(2).

6   II.  The Complaint

7       A.  Legal Standards

8           The court is required to screen complaints brought by prisoners seeking relief

9   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

10  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

11  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12  granted, or that seek monetary relief from a defendant who is immune from such relief.

13  28 U.S.C. § 1915A(b)(1),(2).

14          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

16  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

21  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

22  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

23  1227.

24          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

25  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

1    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

2    (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

3    than "a formulaic recitation of the elements of a cause of action;" it must contain factual

4    allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

5    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

6    notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

7    U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

8    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

9    as true the allegations of the complaint in question,  id., and construe the pleading in the light

10   most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on

11   other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

12        B.  Screening of Complaint

13        Pursuant to the instant complaint, plaintiff alleges that defendant correctional

14   officer D. Leininger retaliated against plaintiff for filing an administrative grievance against

15   Leininger for sexual harassment and assault.  Plaintiff alleges that the retaliation initially took the

16   form of defendant Leininger confiscating plaintiff's legal materials on April 17, 2012, then, on

17   April 21, 2012, Leininger coming into plaintiff's cell, where he allegedly touched plaintiff in a

18   sexual manner, threatened him, and "attempt[ed] to blackmail plaintiff for sexual extortion."

19   (ECF No. 1 at 5.)  Plaintiff alleges that, when he refused to "give in," defendant Leininger further

20   retaliated by having plaintiff placed in administrative segregation pursuant to a false rules

21   violation report, then told other CSP-SAC staff that plaintiff was a rapist and should be assaulted.

22   Plaintiff alleges that, thereafter, on November 14 (or 19), 2012, he was physically assaulted by

23   two unnamed correctional officers, causing injury to his arms.  Plaintiff further alleges that he

24   has since been denied basic needs and services, including adequate medical care, food, exercise,

25   clothes, adequate cell sanitation and tolerable cell temperatures.

26   ////

1   In addition to defendant Leininger, the complaint names as defendants CSP-SAC

2   Warden Tim Virga, and the former Secretary of the California Department of Corrections and

3   Rehabilitation ("CDCR"), Matthew Cate.  (The CDCR Secretary is now Jeffrey Beard.)

4   Attached as exhibits to the complaint are the final ("Third" or "Director" Level)

5   administrative decisions for two of plaintiff's grievances.[1]  The first decision (Local Log No.

6   SAC-12-00958), issued September 26, 2012, denied plaintiff's request for an investigation into

7   the alleged confiscation of plaintiff's legal materials by an unnamed correctional officer.  (See

8   ECF No. 1 at 9-10.)  The decision ruled that plaintiff had failed to substantiate his loss, including

9   the failure to identify the legal work that was allegedly missing.  The second decision (Local Log

10  No. SAC-12-01796), issued November 29, 2012, denied plaintiff's request for the return of

11  personal property, which had allegedly been confiscated by staff in retaliation for plaintiff filing a

12  grievance against defendant Leininger.  An appeal inquiry was initially undertaken, apparently in

13  response to plaintiff's request that "an investigation be conducted into why CO Leininger was

14  allowed to go through his personal property and remove items such as his television without a

15  supervisor being present" (id. at 11); the results of the appeal inquiry were "reviewed by the

16  institution's Warden"  (id. at 12).  The final decision ruled that plaintiff's television had been

17  "properly confiscated by staff as it had been tampered with and was considered contraband."

18  (Id.)  No other personal property was identified.

19  Plaintiff does not attach any administrative grievance challenging defendant

20  Leininger's alleged sexual harassment and assault against plaintiff, or any other alleged physical

21  threats or deprivations directed to plaintiff, by Leininger or any other correctional staff.

22  ////

23

---

24  [1]  A prisoner may not bring a Section 1983 action until he has exhausted the
    administrative remedies available to him.  42 U.S.C. § 1997e(a).  This requirement is mandatory.
25  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any
    departmental decision, action, condition, or policy which they can demonstrate as having an
26  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.

1    Plaintiff seeks $50,000 compensatory damages and $25,000 punitive damages

2 against defendant Leininger; a temporary restraining order against Warden Virga "to stop

3 deprivations of [plaintiff's] basic necessities;" and an injunction against the CDCR Secretary "to

4 stop the physical abuse" against plaintiff.  (Id. at 5.)

5    For the limited purposes of § 1915A screening, the court finds that plaintiff's

6 complaint states only two potentially cognizable First Amendment retaliation claims against

7 defendant Leininger.

8    To state a claim for retaliation under the First Amendment, a plaintiff must allege

9 that, on a specific date, an individual state actor took an adverse action against plaintiff in

10 retaliation for plaintiff engaging in a constitutionally protected activity, and that the adverse

11 action did not reasonably advance a legitimate penological objective.  Rhodes v. Robinson, 408

12 F.3d 559, 567-68 (9th Cir. 2005).  At the pleading stage, the "chilling" requirement is met if the

13 "official's acts would chill or silence a person of ordinary firmness from future First Amendment

14 activities.'"  Id. at 568, quoting Mendocino Environmental Center v. Mendocino County, 192

15 F.3d 1283, 1300 (9th Cir. 1999).  However, direct and tangible harm will support a First

16 Amendment retaliation claim even without demonstration of a chilling effect on the further

17 exercise of a prisoner's First Amendment rights.  Rhodes, at 568 n.11.  "[A] plaintiff who fails to

18 allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a

19 retaliatory adverse action.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), citing Rhodes,

20 408 F.3d at 568, n11.

21    The plaintiff need not prove that the alleged retaliatory action, in itself, violated a

22 constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim,

23 plaintiff need not "establish an independent constitutional interest" was violated); see also Hines

24 v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based

25 on filing of a false rules violation report);  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985)

26 (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation

1  claim).  Rather, the interest asserted in a retaliation claim is the right to be free of conditions that

2  would not have been imposed but for the alleged retaliatory motive.  However, not every

3  allegedly adverse action will support a retaliation claim.  See e.g. Huskey v. City of San Jose,

4  204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of *post hoc,*

5  *ergo propter hoc*, literally, "after this, therefore because of this.").

6           Filing administrative grievances and initiating litigation are protected activities,

7  and it is impermissible for prison officials to retaliate against prisoners for engaging in these

8  activities.  Rhodes, 408 F.3d at 568.  Plaintiff's allegations that defendant Leininger, acting in

9  retaliation against plaintiff for filing an administrative grievance against him, confiscated

10  plaintiff's legal materials on April 17, 2012, and inappropriately touched and threatened plaintiff

11  on April 21, 2012, assert two separate acts of retaliation.[2]  While the administrative decisions

12  attached to the complaint appear to demonstrate the exhaustion of only plaintiff's April 17, 2012

13  confiscation-of-legal-material claim against defendant Leininger, the court will not, at this

14

15     [2]  However, as framed, these alleged retaliatory acts do not support independent
16  constitutional claims.  Thus, for example, plaintiff does not assert that the alleged deprivation of
   his legal materials resulted in a denial of access to the courts.  In order to state a denial of access
17  claim under the First Amendment, a prisoner must show that he suffered an "actual injury" as a
   result of the defendant's challenged conduct, by explaining how the act or omission hindered
18  plaintiff's efforts to pursue a specified nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343,
   351-55 (1996).  Because plaintiff does not allege that the deprivation of his legal materials
19  caused him an independent "actual injury," he does not state a First Amendment denial of access
   claim.
20     In contrast, the complaint does not assert a claim against Leininger for sexual harassment
   or assault, although the essential elements of the claim have been identified.  Sexual misconduct
21  by a correctional officer is actionable pursuant to the Eighth Amendment's proscription against
   cruel and unusual punishment.  "Sexual harassment or abuse of an inmate by a corrections officer
22  is a violation of the Eighth Amendment.  See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th
   Cir. 2000) ('In the simplest and most absolute of terms ... prisoners [have a clearly established
23  Eighth Amendment right] to be free from sexual abuse. . . .') . . . . In evaluating a prisoner's
   claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind'
24  and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional
   violation.  Hudson [v. McMillan], 503 U.S. [1] at 8 [1992]."  Wood v. Beauclair, 692 F.3d 1041,
25  1045-46 (9th Cir. 2012).  Despite plaintiff's allegation of facts to support a sexual misconduct
   claim against defendant Leininger, based on his alleged conduct in plaintiff's cell on April 21,
26  2012, it appears a deliberate choice by plaintiff to exclude the claim in this action.

1  juncture, exclude consideration of plaintiff's additional specific retaliation claim against

2  Leininger.

3           However, plaintiff fails to allege any facts from which to reasonably infer that the

4  other alleged retaliatory acts against plaintiff were the result of defendant Leininger's conduct.

5  There are no factual allegations supporting plaintiff's assertion that Leininger caused: (1)

6  plaintiff's placement in administrative segregation pursuant to a false rules violation report, a

7  claim that lacks any dates or other supporting information; (2) the alleged assault of plaintiff in

8  November 2012 by two unnamed correctional officers; or (3) the allegedly ongoing deprivation

9  of plaintiff's basic needs and services.  While the latter two allegations reflect putative Eighth

10 Amendment claims,[3] they are too vague to be actionable on that basis.  Framed either as Eighth

11 Amendment or retaliation claims, these three allegations lack the requisite linkage with defendant

12 Leininger.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

13 or connection between a specific defendant's actions and the claimed deprivation.  Rizzo v.

14 Goode, 423 U.S. 362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson

15 v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16 ////

17

---

18        [3]   The Eighth Amendment prohibits the infliction of "cruel and unusual punishments,"
   U.S. Const. amend. VIII, which includes the "unnecessary and wanton infliction of pain."
19 Whitley v. Albers, 475 U.S. 312, 319 (1986).  "It is obduracy and wantonness, not inadvertence
   or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual
20 Punishments Clause."  Whitley, 475 U.S. at 319.  While the specific factors needed to support an
   Eighth Amendment claim "varies according to the nature of the alleged constitutional violation,"
21 Hudson v. McMillian, 503 U.S.1, 5 (1992) (citing Whitley, 475 U.S. at 320), a cognizable claim
   includes the following.  ""[A] prison official violates the Eighth Amendment when two
22 requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious'. . .
   . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he
23 is incarcerated under conditions posing a substantial risk of serious harm."  Farmer v. Brennan,
   511 U.S. at 834.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison
24 official must have a 'sufficiently culpable state of mind' . . .  [T]hat state of mind is one of
   'deliberate indifference' to inmate health or safety."  Id.  The prison official will be liable only if
25 "the official knows of and disregards an excessive risk to inmate health and safety; the officials
   must both be aware of facts from which the inference could be drawn that a substantial risk of
26 serious harm exists, and he must also draw the inference."  Id. at 837.

1        Nor does the instant complaint state a cognizable claim against defendants CSP-

2   SAC Warden Virga or former CDCR Secretary Cate.  Plaintiff alleges that defendants Virga and

3   Cate each reviewed his pertinent administrative grievances, "witness[ed] plaintiff being tortured

4   [but] refused to investigate" (id. at 8), and "refuse[d] to acknowledge that the Eighth Amendment

5   prohibits those who operate prison from using physical force against plaintiff.  That they have a

6   duty to take reasonable step[s] to protect plaintiff from physical abuse.  The Warden and

7   Secretary indifferent to brutal behavior by the guards toward plaintiff is cruel and unusual

8   punishment." (Sic.)  (Id. at 7).  Plaintiff also alleges that the CSP-SAC grievance procedure is a

9   "sham," allegedly demonstrated by plaintiff's inability to obtain adequate responses to the more

10  than twenty administrative grievances he has allegedly filed, and because "the abuse continues."

11  (Id.)

12        These conclusory allegations against Virga and Cate are unsupported by any other

13  factual allegations.  "Under Section 1983, supervisory officials are not liable for actions of

14  subordinates on any theory of vicarious liability.  A supervisor may be liable [only] if there exists

15  either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient

16  causal connection between the supervisor's wrongful conduct and the constitutional violation."

17  Hansen v. Black, 885 F.2d 642, 645-646 (9th Cir. 1989) (citations and internal quotations

18  omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Facts consistent with at

19  least one of these scenarios must be specifically alleged in order to state a potentially cognizable

20  claim against a supervisory defendant.  Vague and conclusory allegations of official participation

21  in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

22  1982).  Rather, the plaintiff's allegations must identify the challenged action or inaction of each

23  defendant, and demonstrate how this conduct deprived plaintiff of his constitutional rights.

24  Rizzo v. Goode, supra, 423 U.S. at 371.  "A person 'subjects' another to the deprivation of a

25  constitutional right, within the meaning of § 1983, [only] if he does an affirmative act,

26  participates in another's affirmative acts or omits to perform an act which he is legally required

1   to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743; see

2   also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be

3   individualized and focus on the duties and responsibilities of each individual defendant whose

4   acts or omissions are alleged to have caused a constitutional deprivation.").

5   　　　　Application of these principles demonstrates that plaintiff's vague and conclusory

6   allegations against defendants Virga and Cate fail to state a cognizable claim against either

7   defendant.  Nothing in the complaint or attached exhibits supports a reasonable inference that

8   former CDCR Secretary Cate was aware of any of the conditions or conduct challenged by

9   plaintiff in this action.  Similarly, the only supported reference to CSP-SAC Warden Virga is in

10  the Director's Level decision, in Local Log No. SAC-12-01796, which states that the appeal

11  inquiry was "reviewed by the institution's Warden."  (ECF No. 1 at 12.)  However, that inquiry

12  was limited to the alleged confiscation of plaintiff's property, principally, his television.  This

13  reference fails to establish any link between the alleged confiscation of plaintiff's property with

14  plaintiff's retaliation claims, or with plaintiff's putative Eighth Amendment challenges.

15  　　　　For these several reasons, the court finds that the complaint does not state a

16  cognizable claim against defendants Cate or Virga.  The court finds that the complaint states only

17  the following potentially cognizable First Amendment retaliation claims against defendant

18  Leininger, allegedly in response to plaintiff pursuing an administrative grievance against him:

19  (1) the alleged confiscation of plaintiff's legal material by Leininger on April 17, 2012; and (2)

20  the alleged sexual touching of plaintiff by Leininger on April 21, 2012,  The court finds that the

21  complaint does not state cognizable retaliation claims against Leininger based on the following

22  allegations:  (1) plaintiff's placement in administrative segregation pursuant to a false rules

23  violation report; (2) the alleged assault of plaintiff in November 2012 by two unnamed

24  correctional officers; or (3) the alleged continuing deprivation of plaintiff's basic needs and

25  services, including adequate medical care, food, exercise, clothes, adequate cell sanitation and

26  tolerable cell temperatures.  Nor does the court find cognizable claims for denial of access to the

1   courts, sexual misconduct or other Eighth Amendment violations.  (See n.2, 3, supra.)

2          Accordingly, plaintiff will be given the choice to proceed on the noted claims in

3   the present complaint against only defendant Leininger, **OR** to file an amended complaint in

4   which plaintiff realleges his cognizable claims against defendant Leininger and attempts to state

5   additional cognizable claims against Leininger and/or other defendants.[4]  Plaintiff must make this

6   choice within 30 days after service of this order.

7   III.  Motion for Preliminary Injunctive Relief

8          On June 25, 2013, plaintiff filed a motion for a temporary restraining order and/or

9   preliminary injunction "to stop prison officials from assaulting, threaten[ing] to shout and kill

10  [me], along with the illegal and unconstitutional confiscation of plaintiff's personal property in

11  the form of legal materials."  (ECF No. 8 at 1-2.)  The motion alleges that plaintiff is "subjected

12  to physical assaults on a daily basis with the CSP Administration covering up the beating[s]."

13  (Id. at 2.)  The motion alleges that plaintiff has been retaliated against in violation of his First

14  Amendment rights, as well as by the denial of "food, clothes, hygiene items in violation of the

15  Eighth Amendment," and two instances (on June 19 and 22, 2013) when an unnamed tower

16  correctional officer pointed his gun at plaintiff and threatened to shoot him for pursuing his legal

17  rights.  (Id. at 2.)  The motion also alleges that plaintiff has suffered racial discrimination "by

18  defendants and their agents A. Capt. Roth and defendant T. Virga."[5]  (Id.)  Plaintiff seeks, inter

19

20          [4]  Plaintiff is advised that an amended complaint must clearly identify each defendant and
    his or her allegedly unconstitutional conduct.  The charging allegations must be clearly set forth
21  in the amended complaint so that defendants have fair notice of the claims against them.  Once
    plaintiff files an amended complaint, the original pleading is superseded.  An amended complaint
22  must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux
    v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

23          [5]  Plaintiff makes the conclusory allegation that defendants' challenged conduct
    discriminated against plaintiff on the basis of race.  However, plaintiff has not alleged that he
24  was treated differently than similarly situated individuals on account of his race; nor has plaintiff
    alleged that defendants acted with the intent to discriminate against plaintiff, or that there was no
25  legitimate penological interest behind defendants' conduct.  Prisoners are protected by from
    invidious discrimination based on race.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Racial
26  segregation is unconstitutional within prisons save for the necessities of prison security and

1  alia, to "stop the continuing assaults; deprivation[,]" and the return, and prevention from

2  destruction, of his legal property.  (Id. at 3, 4.)

3      A.  Legal Standards

4          Plaintiff effectively seeks a temporary restraining order.[6]  The standards governing

5  the issuance of temporary restraining orders are "substantially identical" to those governing the

6  issuance of preliminary injunctions.  Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co.,

7  Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  However, "[e]xcept in the most extraordinary of

8  circumstances, no temporary restraining order shall be granted in the absence of actual notice to

9  the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts

10 made to provide notice.  See Fed. R. Civ. P. 65(b)."  Local Rule 231(a).

11         No preliminary injunctive relief should issue unless necessary to prevent

12 threatened injury that would impair the court's ability to grant effective relief in the pending

13 action.  Fed. R. Civ. P. 65; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422

14 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).  The principal purpose

15 of preliminary injunctive relief is to preserve the court's power to render a meaningful decision

16 pursuant to a trial on the merits.  See 11A Charles Alan Wright & Arthur R. Miller, Federal

17 Practice and Procedure, § 2947 (2d ed. 2010).  In addition, as a general rule, this court is unable

18 to issue an order against individuals who are not parties to the suit pending before it.  Zenith

19

20 discipline.  Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  In order to state a Section 1983
   claim based on an alleged violation of the Equal Protection Clause of the Fourteenth
21 Amendment, a plaintiff must allege that defendants acted with intentional discrimination against
   plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not
22 relate to a legitimate penological purpose.  See Village of Willowbrook v. Olech, 528 U.S. 562,
   564 (2000) (holding that equal protection claims may be brought by a "class of one").
23

24     [6]  A temporary restraining order is an extraordinary and temporary "fix" that the court
   may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant
25 "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant
   before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  The
26 purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.
   See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. ("Local Rule") 231(a).

1  Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 111-12 (1969).

2  "The proper legal standard for preliminary injunctive relief requires a party to

3  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

4  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

5  injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

6  2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). ""[S]erious

7  questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can

8  support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a

9  likelihood of irreparable injury and that the injunction is in the public interest." Alliance for

10  Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (internal quotation marks

11  omitted).

12  In cases brought by prisoners involving conditions of confinement, any

13  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

14  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

15  correct the harm." 18 U.S.C. § 3626(a)(2).

16  B. Analysis

17  Plaintiff's motion does not address three of the four factors warranting

18  preliminary injunctive relief, as set forth in Winter, 555 U.S. at 20. Plaintiff does not address

19  whether there is a reasonable likelihood that he will prevail on the merits of his action, the

20  balance of equities, or the public interest. Moreover, the undersigned finds that plaintiff has not

21  demonstrated a reasonable likelihood that he will prevail on the merits of this action, largely

22  because it is still at the pleading stage.

23  The only element addressed by plaintiff's motion is his assertion of irreparable

24  harm in the absence of preliminary injunctive relief. However, as previously explained,

25  plaintiff's allegations of physical harm are too vague even to support cognizable Eighth

26  Amendment claims. Hence, the primary purpose of preliminary injunctive relief, to preserve the

status quo in order to render a meaningful decision on the merits, is not present.[7]  Nor do

plaintiff's allegations of irreparable harm to his property (legal materials) require immediate

action -- neither the complaint nor the instant motion identify the location of plaintiff's legal

materials, or assert any facts from which to reasonably infer that failure to obtain immediate

relief will result in the destruction of these materials.

For these reasons, the undersigned finds that plaintiff has failed to demonstrate a

real and identifiable threat of substantial, immediate and irreparable injury, and therefore

recommends that plaintiff's motion for preliminary injunctive relief be denied without prejudice.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's separate order

to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3.  The allegations in the complaint are sufficient to state potentially cognizable

claims against defendant Leininger, but not defendants Virga or Cate.  See 28 U.S.C. § 1915A.

Therefore, the claims against defendants Virga and Cate are dismissed without prejudice.

4.  Within 30 days after service of this order, plaintiff shall file the attached

"Notice of Submission of Documents," on which plaintiff shall indicate his choice to proceed in

**ONE** of the following ways:

---

[7]  Nevertheless, even if unrelated to the merits of the action, if the undersigned found that plaintiff faced a real or immediate threat with a likelihood of substantial and immediate irreparable injury, the court would issue a temporary restraining order.  See e.g. Gomez v. Vernon, 255 F.3d 1118, 1129-31 (9th Cir. 2001).  The undersigned finds that these factors have not been demonstrated in the instant motion.

i.  Plaintiff may file an amended complaint, in an attempt to restate his claims against defendant Leininger, as well as to state additional potentially cognizable claims against defendant Leininger and/or other defendants.  An amended complaint will supersede the original complaint, and will be screened pursuant to 28 U.S.C. § 1915A.

**OR**

ii.  Plaintiff may proceed on the instant complaint by completing and returning the enclosed materials necessary to serve process on defendant Leininger.  The court will transmit these materials to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4, and defendant Leininger will be required to respond to plaintiff's allegations within the deadlines set forth in Fed. R. Civ. P. 12(a)(1).  The court will construe this election as plaintiff's consent to the dismissal of defendants Virga and Cate from this action.

5.  The Clerk of the Court is directed to provide plaintiff, with this order, a blank summons, a copy of the file-endorsed complaint filed February 26, 2013 (ECF No. 1), one USM-285 form and instructions for service of process on defendant Leininger.  Within 30 days after service of this order, plaintiff may return, together with the completed "Notice of Submission of Documents," the completed summons, the completed USM-285 form, and two copies of the file-endorsed complaint filed February 26, 2013 (ECF No. 1).

6.  Failure to comply with this order will result in a recommendation that this action be dismissed.

In addition, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff motion for preliminary injunctive relief (ECF No. 8), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

14

1   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2   (9th Cir. 1991).

3   DATED:  July 8, 2013

4

5                                          _____
                                           KENDALL J. NEWMAN
6                                          UNITED STATES MAGISTRATE JUDGE

7   colb0382.14option.kjn.pi

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7                          FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    GEORGE K. COLBERT,

10              Plaintiff,                        No. 2:13-cv-00382 KJM KJN P

11        vs.

12   D. LEININGER, et al.,

13              Defendants.              <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

14   _____/

15              Plaintiff hereby submits the following documents in compliance with the court's

16   order filed _____, with the intent of proceeding on the current complaint:

17              _____        1 completed summons form

18              _____        1 completed USM-285 form

19              _____        2 copies of the file-endorsed complaint

20              _____        In addition, plaintiff consents to the dismissal of defendants Cate
                             and Virga  without prejudice.
21        <u>OR</u>

22              _____        Plaintiff opts to file an amended complaint, attached hereto, and to
                             delay service of process on any defendant.
23

24

25   _____          _____
     Date                                 Plaintiff
26