UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| GEORGE K. COLBERT, | No. 2:13-cv-0382 KJM KJN P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. LEININGER, | |
| Defendant. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. On August 21, 2017, plaintiff filed a motion for relief from judgment. (ECF No. 82, citing Fed. R. Civ. P. 60(b).) Plaintiff challenges the settlement of this action. As set forth below, plaintiff's motion should be denied.

II. Background

On September 16, 2016, another magistrate judge held a telephonic settlement conference, during which the parties did not reach a settlement. (ECF No. 81.) However, the parties thereafter apparently agreed to settle because a stipulation for voluntary dismissal with prejudice was filed. (ECF No. 79.)

III. Jurisdiction

The first question is whether federal jurisdiction exists. Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the

settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order or the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Kelly, 822 F.3d at 1085. But such ancillary jurisdiction exists only if the settlement agreement was "made part of the order of dismissal," by retaining jurisdiction over the agreement, "or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381 (1994).

Here, the parties entered into a stipulation of dismissal with prejudice, and this action was terminated on September 19, 2016. The court did not retain jurisdiction. The order of dismissal does not append a settlement agreement, incorporate the terms of the settlement, or even reference a settlement agreement. (ECF No. 79.) Rather, the parties stated that they "have resolved this case in its entirety," "each party would bear its own litigation costs and attorney's fees," and stipulated to dismissal of the action with prejudice. (Id. at 1.) Therefore, plaintiff's motion should be dismissed for lack of jurisdiction.

V. Motion Under Rule 60(b)

But even assuming this court has jurisdiction, plaintiff's motion fails.

Rule 60(b) provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is

> based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).

Initially, plaintiff argued that defendants failed to pay the settlement proceeds. (ECF No. 82.) Plaintiff appended a copy of an IRS Form 1099-MISC referencing income for 2016 in the amount of $2,500.00, and a copy of his prison trust account statement from January through March of 2017. (ECF No. 82 at 4-5.)

However, in opposition, defendant provided a copy of plaintiff's trust account showing that the sum of $2,380.95 was deposited on December 28, 2016 (settlement check number 275473), and then applied to plaintiff's restitution balance, which is currently zero. (ECF No. 84-1 at 5; 85 at 4.) The initial $2,500.00 was reduced by an administrative fee of $119.05 which is paid directly to the administrative unit and not reflected on inmate trust account statements. (ECF No. 85 at 4.)

In reply, plaintiff argues that "any reimbursement to an inmate as a result of a claim for lost or damaged property, . . . are exempt from deductions for fines and direct orders of restitution." (ECF No. 86 at 2, citing Cal. Code Regs., tit. 15, §§ 3097(j).) Plaintiff concedes that he signed an agreement stating that the CDCR is obligated by California Penal Code § 2085.5 to collect any amount owed by a prisoner under restitution or order. (ECF No. 86 at 2.) But he argues that § 2085.5 does not apply to plaintiff due to the property exemption described above.

The record demonstrates that plaintiff was informed about California Penal Code § 2085.5 and signed the agreement. (ECF No. 86 at 2.) California law requires defendants to apply settlement funds to restitution obligations. Cal. Penal Code § 2085.5(n). Plaintiff's claim that he is exempt from the requirement is unavailing. This action did not proceed based on plaintiff's

3

claims of lost or damaged property.  Rather, this action initially proceeded on plaintiff's claims that defendant retaliated against plaintiff by confiscating plaintiff's legal materials and sexually touching him.  (ECF No. 9.)  Although the screening order discussed the grievance in which plaintiff alleged his television had been confiscated, there was no finding that plaintiff stated a cognizable civil rights claim based on the allegation that his television had been confiscated, or that any personal property had been lost or destroyed.[1]  (ECF No. 9 at 4, 9.)  Based on review of the record, plaintiff's effort to tie the resolution of this action with the exemption concerning lost or destroyed property is unavailing.  Plaintiff provides no written settlement agreement to the contrary.

For all of the above reasons, plaintiff's motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 82) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

////

////

////

////

---

[1] The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

4

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

colb0382.setenf .60b